UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABELARDO CUERO-ARBOLEDA.

v.                                    Case No. 8:04-cr-243-T-17MSS
                                      8:06-cv-1335-T-17MSS

UNITED STATES OF AMERICA.

---

### ORDER

This cause is before the Court on Defendant Abelardo Cuero-Arboleda's 28 U.S.C. §
2255 motion to vacate, set aside. or correct an allegedly illegal sentence. Doc. cv-1. The
Government filed a response. Doc. cv-4. Abelardo Cuero-Arboleda has filed a reply to the
response. Doc. cv-5.

### PROCEDURAL HISTORY

On May 20, 2004. a grand jury in the Middle District of Florida returned a two count
indictment charging Abelardo Cuero-Arboleda ("Arboleda") with (a) aiding and abetting the
possession with intent to distribute five kilograms or more of cocaine while aboard a vessel
subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 1903(a).(g). and 21
U.S.C. § 960(b)(1)(B)(ii): and (b) conspiracy to possess with intent to distribute five kilograms
or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in
violation of 46 App. U.S.C. §§ 1903(a), (g). and (j). and 21 U.S.C. § 960(b)(1)(B)(ii). Doc. cr-1.
Arboleda pled guilty to both counts without the benefit of a written plea agreement. Doc. cr-79.
This Court accepted Arboleda's plea and sentenced him to 135 months imprisonment, to be
followed by five years of supervised release. Doc. cr-223.

On March 15, 2005, Arboleda challenged this Court's 135 month sentence and factual finding that he was responsible for at least 150 Kilograms of cocaine. Doc. cr-162. On December 21, 2005, the Eleventh Circuit affirmed Arboleda's sentence. United States v. Cuero, No. 05-11502 (11th Cir. December 21, 2005). Arboleda now files a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Arboleda's grounds for relief are ineffective assistance of counsel at his change of plea hearing and his sentencing. Doc. cv-1.

## DISCUSSION

The court may vacate a conviction on the grounds of ineffective assistance of counsel if (1) counsel's assistance did not meet an objective standard of reasonable professional assistance and (2) prejudice to the defendant resulted from the sub par performance. Strickland v. Washington, 466 U.S. 668 (1984). The court need not address both components of the test "if the defendant makes an insufficient showing on one." Id. at 697.

The petitioner bears the burden to demonstrate that his or her counsel was ineffective. United States v. Cronic, 466 U.S. 648, 658 (1984). To show a deficient performance, petitioner must "prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc). Petitioner may show this by establishing that counsel's performance was not within the range of professional competence, in light of all the circumstances. Strickland, 466 U.S. at 690. Still, the courts review of counsel's performance must be deferential. Chandler, 218 F.3d at 1314. An attorney is presumed to be competent, and courts must review an ineffective assistance of counsel claim under the presumption that "counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (quoting Strickland, 466 U.S. at 689).

2

The <u>Strickland</u> test is also applicable to ineffective assistance of counsel claims arising from the plea process. <u>Hill v. Lockhart</u>, 474 U.S. 52, 57 (1985). A petitioner claiming ineffective assistance of counsel during the plea process must show that, but for counsel's alleged errors, the defendant would have gone to trial rather than plead guilty. <u>Stano v. Dugger</u>, 921 F.2d 1125, 1150 (11th Cir. 1991) (quoting <u>Hill</u>, 474 U.S. at 59). However, the standard of duty owed a defendant who pleads is less than the standard owed to one who goes to trial. Should a defendant decide to plead, the defendant's counsel must make and independent examination of the facts, circumstances, pleadings and laws of the case. Then, after considering the interests of the defendant, offer the defendant an informed opinion as to the best course to take. <u>Wofford v. Wainwright</u>, 748 F.2d 1505, 1508 (11th Cir. 1984). Indeed, after being provided with counsel's assessment, it is the defendant who must make the choice between entering a plea or going forward to trial. <u>Id.</u>

**ARBOLEDA'S CLAIMS**

Ground One

Arboleda's first ineffective assistance of counsel allegation arises from his assertion that the Government and the Magistrate Judge "misstated" the law in an effort to coerce him to plea guilty. Doc. cv-2 at 4. Arboleda claims that at his change of plea hearing, the Government incorrectly alleged that his actions in aiding and abetting were sufficient to make him guilty of possession of cocaine and conspiring to possess cocaine: he argues that this is a misstatement of the law since he "neither intended to possess the cocaine, nor did he the possess the cocaine." <u>Id.</u> Arboleda asserts that but for his attorney's failure to correct this alleged "improper admonishment" he would not have plead guilty. Doc. cv-2 at 4. Further, Arboleda argues that he was not aware of the second conspiracy charge. Doc. cv-2 at 5.

These allegations are not supported by the record. Arboleda's claim of ineffective assistance of counsel at his plea rests on his belief that the law as explained to him was incorrect and that his attorney failed to advise him as such. This conception is Arboleda's own disagreement with the law, and he has failed to substantiate the basis for his disagreement in either his motion to vacate or his response to the Government's opposition. Doc. cv-2; Doc. cv-5. Rather than "misstating" the law in an effort to wheedle Arboleda into pleading guilty, the Magistrate Judge thoroughly detailed the nature of the offenses to ensure he understood the charges.

> THE COURT: All right. Mr. Arboleda, the government contends that by fueling the vessel, you assisted others in the possession of, with intent to distribute, in excess of five kilograms of cocaine.
>
> And under U.S. law, when you aid and abet the commission of a crime, you are as guilty as the person who actually did the thing that caused the crime to go forward.
> ...
> Now you do not have to plead guilty to possession of cocaine on that basis. You're free to go to trial and ask your lawyer to attempt to argue that while you were guilty of conspiracy, if you're willing to accept guilt as to conspiracy, you're not-guilty of possession.
> ...
> But you're not required to accept this, but that is a theory that is the government's position. And that position is recognized under the U.S. law; that if you do things that are essential to the efforts of people in the commission of a crime, you can be charged with aiding and abetting in violation of eighteen United States section two.
>
> And therefore, you would be as guilty as the people who actually held the cocaine in their hands or on their ship. Do you understand that?
>
> THE DEFENDANT: (Through the Interpreter) Correct.

Doc. cr-215 at 18-19.

> THE COURT: Do you have any other questions about count one, the possession count?

THE DEFENDANT: (Through the Interpreter) No.

THE COURT: Now with regard to count two. if there's a conspiracy, that is, an agreement among people to commit a crime and those persons do something toward the commission of that crime, they can be charged with conspiracy: that is everyone agrees with each other to commit a known offense and. therefore. they are guilty of conspiracy.
...

And in this case, you were part of the agreement, the government alleges. because you agreed to come forward and fuel the vessel which you knew was for the purpose of committing the offense of possession of cocaine. Do you understand the conspiracy charge?

Doc. cr-215 at 20-21.

At this point Arboleda had an off the record discussion with his attorney. Arboleda's

counsel then asked the court to explain that he did not have to have prior association with or

know by name the co-conspirators. The Magistrate Judge continued to explain the conspiracy

charge to Arboleda:

THE COURT: They would have to prove that you knew that there was illegal activity going on: that that activity had to do with the delivery of cocaine; and that you willfully joined in that activity into the discussions and the process of that activity: and you did so by virtue of your going with the individuals who went to fuel the mothership that was carrying the cocaine.

It's not necessary that you know everything about the conspiracy.
...

Do you understand the charge?

THE DEFENDANT: (Through the Interpreter) Yes.

Doc. cr-215 at 22.

THE COURT: Now you don't have to agree with that. that being the law. but you just have to understand that that is what it is. Do you understand that?

THE DEFENDANT: (Through the Interpreter) Correct.

THE COURT:  Do you have any other questions about the charges?

THE DEFENDANT:  (Through the Interpreter) No.

THE COURT:  Are you still prepared to go forward to enter a plea in this case to both charges?

THE DEFENDANT:  (Through the Interpreter) Yes.

Doc. cr-215 at 23.

The Magistrate Judge explicitly explained to Arboleda that aiding and abetting the commission of a crime carried the same culpability as actually committing the crime. Doc. cr-215 at 18.  Furthermore, despite Arboleda's claims to the contrary, he was aware of the conspiracy charge and was afforded a thorough explanation as to the law concerning that charge. Doc. cr-215 at 20-23.

If what Arboleda is arguing is that he did not understand the law, but his attorney allowed him to plead guilty anyway, this argument still fails to support his claim.  During the plea colloquy, the Magistrate Judge asked Arboleda if he understood both the possession count and the conspiracy count.  At each inquiry, Arboleda stated that he understood the charges and elected to move forward with his plea.  For instance, when asked if he understood the conspiracy charge, Arboleda had an off the record discussion with his counsel, after which counsel asked the Magistrate Judge to further explain the charge.  The Magistrate Judge went into a lengthy explanation of the conspiracy charge and again asked Arboleda if he understood.  At that time, Arboleda responded affirmatively. Doc. cr-215 at 21.  "Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 US 63, 74 (1977).

6

It is impossible then, given that Arboleda was fully and correctly apprised of the charges and swore understanding, to find any merit in his claim of ineffective assistance of counsel at his plea hearing. Ground one has no merit.

Ground Two

Arboleda's second ground of ineffective assistance of counsel arises from his sentencing hearing. Arboleda alleges that his attorney failed to "note and argue that Cuero-Arboleda's sentence violated due process as exceeding the District Court's subject matter jurisdiction" since, according to Arboleda, the crimes "carry statutory maximum sentences of 108 months" and he was sentenced to 135 months confinement. Doc. cv-2 at 4.

Arboleda's claim has no merit. Although Arboleda claims that his sentence exceeds the "statutory maximum" sentence allowable for his conviction, he was aware he was being sentenced pursuant to advisory guidelines, since this Court explicitly stated that the sentencing guidelines were advisory under United States v. Booker, 543 U.S. 220 (2005). Doc. cr-223 at 63. Under Booker, a district court must correctly calculate the advisory guidelines range and then, using 18 U.S.C § 3553(a) (2006) sentencing factors, the court can impose a more severe or lenient sentence. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). It is not ineffective for counsel to refrain from arguing *for* an unconstitutional application of the sentencing guidelines. Indeed, one of Arboleda's arguments on appeal was that this Court treated the guidelines as mandatory at sentencing. Doc. cr-272 at 4. However, the Eleventh Circuit found that the guidelines were not applied in a "mandatory fashion." Id.

Over his attorney's objections, this Court found Arboleda responsible for at least 150 kilograms of cocaine. Using criminal history category I and an adjusted offense level of 33, this Court found the applicable advisory guidelines range was 135-168 months imprisonment. If

7

Arboleda is arguing that he plead to 5 kilograms of cocaine, but that the Court determined he was responsible for 150 kilograms and sentenced him accordingly, he has already appealed this issue to the Eleventh Circuit. Doc. cr-272. "[O]nce a matter has been decided adversely to a defendant on direct appeal, it cannot be relitigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340. 1343 (11th Cir. 2000). The Eleventh Circuit affirmed Arboleda's 135 month sentence finding that "Arboleda's challenge to the district court's factual finding that he was responsible for at least 150 kilograms of cocaine is without merit." Doc. cr-272 at 3. Therefore reconsideration of this Court's finding Arboleda responsible for 150 kilograms of cocaine is procedurally barred. Davis v. United States. 417 U.S. 333 (1974). Ground two has no merit.

Accordingly, the Court Orders:

That Arboleda's motion to vacate, Doc. cr-283: Doc. cv-1, is denied. The Clerk is directed to enter judgment against Arboleda in the civil case and close that case.

## CERTIFICATE OF APPEALABITY AND LEAVE TO APPEAL IN FORMA PAPERIS DENIED

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has not absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 22553(c)(1) (2006). Rather, a district court must first issue a certificate of appealabilty (COA). Id. "A [COA] may issue...only if the applicant has made substainal showing of the denial of a constitutional right." Id. at §22553(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke. 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 573. 484 (2000)). or "the issues presented were 'adequate to deserve encouragement to proceed further,'"

Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle. 463 U.S. 880. 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally because Defendant is not entitled to a certificate of appealablity. he is not entitled to appeal in forma pauperis.

ORDERED at Tampa. Florida, on _August 8th_, 2007



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Stephen Muldrow

Pro Se: Abelardo Cuero-Arboleda